## ELLERD v. GRIFFITH et al.

Circuit Court of Appeals, Fifth Circuit.
November 28, 1927.

Rehearing Denied December 22, 1927.

No. 5147.

Conspiracy ⊜⟾6—Attorney may recover from persons whose concerted action deprived him of one-third interest in judgment previously fixed as his fee.

Where attorney had contract fixing fee at one-third of amount recovered, he was beneficial owner of one-third interest in judgment, was damaged by concerted action of others to deprive him of it, and could recover from any who participated in such action.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Action by Reuben M. Ellerd against Hattie C. Griffith and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Reuben M. Ellerd, of El Paso, Tex. (W. T. Brothers, of El Paso, Tex., on the brief), for plaintiff in error.

John F. Weeks, of El Paso, Tex. (C. W. Tate, of Odessa, Tex., and Dan W. Burkhalter, of Dallas, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error (herein called the plaintiff), against the defendants in error, Hattie C. Griffith, a married woman, E. C. Couch, and others (herein called defendants), seeking to hold the defendants liable as conspirators to defeat the collection of a fee owing to plaintiff by Mrs. Griffith for services rendered by plaintiff as an attorney, which resulted in the recovery of a money judgment in favor of Mrs. Griffith, on a demand which was part of her separate estate. In the trial evidence tending to prove the following was adduced: After plaintiff as attorney for Mrs. Griffith, under a contract fixing his fee at one-third of the amount recovered, had obtained a judgment in her favor she assigned that judgment to E. C. Couch by an instrument which empowered Couch to bid in lands levied on under that judgment, and, after payment of a described debt, to convey two-thirds of said lands to Mrs. Griffith or order, and one-third thereof to plaintiff or order, the transfer to plaintiff to be made on his written application. Couch accepted that transfer, bought in the lands levied on, and after the debt mentioned was paid refused to convey any of the land to plaintiff, sold and conveyed it to persons who were innocent purchasers for value without notice of plaintiff's rights, and co-operated with Mrs. Griffith in preventing the payment to plaintiff of any part of the sum owing to him as a fee. At the conclusion of the evidence the court, pursuant to a request of the defendants, instructed the jury to return a verdict in their favor.

Under the above-mentioned phase of the evidence the plaintiff was the beneficial owner of a one-third interest in the judgment rendered in favor of Mrs. Griffith, was entitled to one-third of what was realized from the enforcement of that judgment after the payment of the debt charged against it, and was damaged as the result of concerted action of two or more of the defendants having the effect of depriving him of what he was entitled to get. Any one of the defendants who participated in the commission of that wrong was liable to the plaintiff for damages resulting to him therefrom. Globe & Rutgers Fire Ins. Co. v. Firemen's Fund Ins. Co., 97 Miss. 148, 52 So. 454, 29 L. R. A. (N. S.) 869; Schultz v. Frankfort, etc., Co., 151 Wis. 537, 139 N. W. 386, 43 L. R. A. (N. S.) 520; 5 R. C. L. 1103. It follows that the above-mentioned ruling was erroneous. Because of that error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.